IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL C. YOUNKIN, III,   :
    Plaintiff,   :
    v.   :   Case No. 3:21-cv-76-KAP
SUPERINTENDANT ERIC TICE, *et al.*   :
    Defendants   :

<u>Memorandum Order</u>

    The complaint is dismissed with leave to amend as to defendants Smucker, Tice, and Hyde, and ordered served on defendant Stewart. When plaintiff provides a service copy of his complaint and instructions for service on defendant Stewart, the Clerk shall forward them to the Marshal for service on defendant Stewart.

    Plaintiff is proceeding *in forma pauperis*. The statute governing *ifp* complaints, 28 U.S.C.§ 1915(e)(2), commands:

    (2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal --
    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

    Also applicable is 28 U.S.C.§ 1915A, which commands that:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2)    seeks monetary relief from a defendant who is immune from such relief.

    Plaintiff is an inmate at the S.C.I. Somerset, allegedly on a sentence imposed for a parole violation. He alleges that on October 8, 2020, Dr. Smucker instructed "Nurse Sandy" to deny plaintiff psychotropic medications - doxepin and Wellbutrin - despite plaintiff's alleged documented history of suicide attempts when off these medications. That same day, plaintiff began submitting grievances to the "medical director," defendant Hyde, and to the warden,

1

defendant Tice, informing them of the danger of the medication stoppage.

On October 11, 2020, defendant Kelly Stewart, a nurse, told plaintiff "I got you kicked off your meds[.]  I told Dr. Smucker F.Y.I. Younkin[']s not taking his meds, I guess now you can't get your fix junkie[.]"  Plaintiff attributes Stewart's actions to an unspecified prior incident involving "her CO boyfriend."

The stopping of plaintiff's medication allegedly caused him muscle cramps, joint pain, nausea, restless legs, insomnia, dizziness, headaches, and general discomfort, "all of which drove Plaintiff to attempt suicide." On October 11, 2020, plaintiff's cellmate pressed the call button to report that plaintiff was talking about hurting himself.  On October 18, 2020, plaintiff's cellmate "found" plaintiff with one end of a sheet tied to a bed frame and the other around his neck.  This incident allegedly "broke" plaintiff's vocal cords, allegedly causing him to be unable to speak for several days.  By October 20, 2020, plaintiff was able to speak because he spoke to Dr. Smucker and asked why she stopped his medication.  She told him it was due to his noncompliance. Plaintiff denied that he had ever refused his medications.  Dr. Smucker then stated, "You['re] in the hole I don't feel you need meds at this time."

At some point in November 2020, plaintiff spoke to Tice and explained the situation.  Tice stated, "You have no creditable factual evidence to this, I give all benefit of the doubt to my employees."

An inmate health care provider violates the Eighth Amendment by "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976). To constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither Hyde nor Tice is alleged to be responsible for providing psychiatric services to plaintiff, and both hold administrative positions that do not ordinarily involve direct medical care to inmates. Their lack of personal involvement in plaintiff's alleged injuries precludes a legal claim against them. *See* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005). *See also* Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (municipal employers are liable for deprivation of civil rights caused by their own illegal customs and policies but are not vicariously liable for their employees' actions).  Absent actual knowledge or a reason to believe that prison medical personnel are mistreating a prisoner, a non-medical prison official is not chargeable with the *scienter* required for deliberate indifference. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). There is nothing in the complaint that would indicate that Hyde or Tice or Smucker knew that Stewart's report that plaintiff was not taking his medications – a serious problem in prison, because inmates both traffic in prescription medications, and hoard and

overdose on prescription medications – was false. Any knowledge they had that plaintiff had a different version of the matter does not imply that they believed that the plaintiff's version was true. And despite plaintiff's assumption that Tice's statement that he always believes the staff version of a story somehow makes him culpable, Tice's role as the warden and reviewer of inmate grievances does not impose a legal duty to assume an inmate's complaint is true or to investigate that complaint. *See* Thomas v. Dragovich, 142 Fed. Appx. 33, 39 (3d Cir. 2005).

In any event, neither Smucker nor Tice could have caused plaintiff injury by any deliberate indifference because even if they completely believed plaintiff's version of events as soon as they heard it, their first alleged opportunity to learn of plaintiff's version was in Smucker's case two days and in Tice's case several weeks after plaintiff's alleged suicide attempt.

The taxonomy of deliberate indifference claims recognized in this circuit includes cases where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs. Pearson v. Prison Health Service, 850 F.3d 526, 538 (3d Cir.2017). As for defendant Stewart, plaintiff advances a plausible claim by alleging that she interfered with his treatment for non-medical reasons, that is, due to personal animosity.

The Court of Appeals, in Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002) and similar cases, directs district courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." Plaintiff is permitted to amend his complaint as to defendants Smucker, Hyde, and Tice. If plaintiff is attempting to base a state law professional negligence claim against defendant Smucker, he must timely file a certificate of merit. *See* Pa.R.CP. No. 1042.3; Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir.2011). permission to file an amended complaint does not extend the time to file such a certificate. Ditch v. Waynesboro Hospital, 917 A.2d 317, 326 (2007), *aff'd*, 17 A.3d 310 (Pa.2011).

DATE: June 8, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice via U.S. Mail to:

Paul C. Younkin, III, LM-8784
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510