IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL C. YOUNKIN, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:21-cv-76 |
| | ) Judge Stephanie L. Haines |
| SUPERINTENDANT ERIC TICE, *et al.*, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**MEMORANDUM ORDER**

Presently before the Court is an Amended Complaint filed by *pro se* Plaintiff, Paul C. Younkin, III ("Plaintiff") (ECF No. 11) alleging claims against Superintendent Eric Tice ("Superintendent Tice"), Medical Director Brian Hyde ("Director Hyde"), Dr. B. Smucker ("Dr. Smucker"), and Nurse Kelly Stewart ("Nurse Stewart"). Plaintiff alleges Eighth and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983. (ECF No. 11 at 4). Plaintiff claims that Nurse Stewart falsely told Dr. Smucker that Plaintiff was not taking his prescribed psychotropic medication and this caused Dr. Smucker to terminate his medications. (*Id.*). Plaintiff contends that Dr. Smucker's abrupt termination of his psychotropic medications without an examination fell "below any standard of care[.]" (*Id.*).

This matter was referred to Magistrate Judge Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without leave to amend as to defendants Dr. Smucker, Superintendent Tice, and Director Hyde. (ECF No. 50). After careful review, the Court will adopt the Report and Recommendation.

1

A.   **Standard of Review**

The Prisoner Litigation Reform Act ("PLRA") requires courts to dismiss a prisoner civil rights suit if the action is frivolous or fails to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915A(b)(1), (2); *see also Tenon v. Dreibelbis*, 606 Fed. Appx. 681, 685 (3d Cir. 2015). "[A] complaint...is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The legal standard for dismissing a complaint under this statute for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Applying this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held

---

[1] *See* ECF No. 1, Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Memorandum Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3).

2

to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

B.   **Discussion**

Pursuant to 42 U.S.C. § 1983, Plaintiff contends that Dr. Smucker's abrupt termination of his psychotropic medications amounted to deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment; he further contends that these actions violated his Fourteenth Amendment Due Process rights as Dr. Smucker "never screened or followed through on the process." (ECF No. 11 at 4). Evaluating this, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 50), recommending that Plaintiff's Amended Complaint (ECF No. 11) be dismissed without leave to amend as to defendants Dr. Smucker, Superintendent Tice, and Director Hyde. Judge Pesto further recommended that when plaintiff provides a service copy of his complaint, amended complaint, and instructions for service on Defendant Nurse Stewart, the Clerk shall forward them to the Marshal for service on Defendant Nurse Stewart, costs of service to be advanced by the United States. (ECF No. 50 at 1). Plaintiff was advised of the fourteen-day time period to file objections to the Report and Recommendation. (ECF No. 50 (stating "Objections to R&R for Unregistered ECF Users due by 2/28/2022"); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

Plaintiff filed objections to the Report and Recommendation (ECF No. 52) asserting, among other things, that "[t]he genuine issue is . . . [that] Defendant Doctor Smucker's judgement [sic] deviated from accepted professional [n]orms." (ECF No. 52 ¶ 6). He further contested Judge Pesto's Report and Recommendation by asserting that Judge Pesto did not "give the benifit [sic] of reasonable inferences [t]o this plaintiff." (*Id.* ¶ 13). Plaintiff's Objections also contained many

3

repeated assertions from his Complaint, assertions related to the context of his claims, and irrelevant procedural matters, such as an assertion of jurisdiction. (*Id.* ¶¶ 1-5, 7-12, 14). The Court finds no merit in Plaintiff's objections.

Plaintiff states in his Objections that the issue is whether Dr. Smucker's judgment deviated from accepted professional norms. (*Id.* ¶ 6). This objection only further proves Judge Pesto's conclusion that Plaintiff fails to state an Eighth Amendment claim and, at most, alleges an incomplete professional negligence claim against Dr. Smucker. (ECF No. 50 at 2). A claim for deliberate indifference under the Eighth Amendment requires Plaintiff to prove more than negligence. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). As Judge Pesto states, Plaintiff does not show this. Instead, Plaintiff alleges that Dr. Smucker stopped administering his medications because Nurse Stewart told Dr. Smucker that Plaintiff was not taking these medications. (ECF No. 11 ¶¶ 5-6). Whether or not Dr. Smucker's action in stopping Plaintiff's medication deviated from professional norms is not at issue in an Eighth Amendment deliberate indifference claim. *See Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (stating that "mere disagreement as to the proper medical treatment" does not support a claim for violation of the Eighth Amendment). Accordingly, the Court overrules Plaintiff's objection on this point.

Further, the Court finds no merit in Plaintiff's objection that Judge Pesto failed to give him the benefit of reasonable inferences. (ECF No. 52 ¶ 13). Plaintiff generally asserts this and does not point to a particular part of Judge Pesto's Report and Recommendation that failed to give him this benefit. While Plaintiff is correct that he is due the benefit of reasonable inferences at this stage, *see Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), the Court finds no merit in this contention. Judge Pesto states that he "[a]ccept[ed] plaintiff's allegations as true" and read

into Plaintiff's Amended Complaint an "implicit claim that his judgment that he needed those medicines is correct and Smucker's judgment was wrong[.]" (ECF No. 50 at 2). This shows that Judge Pesto provided him with the benefit of reasonable inferences. Accordingly, Plaintiff's objection on this matter is overruled.

### C. Conclusion

For the reasons stated in Magistrate Judge Pesto's Report and Recommendation (ECF No. 50) and the reasons stated herein, the Court dismisses Plaintiff's claims against Dr. Smucker, Director Hyde, and Superintendent Tice with prejudice. Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). However, leave to amend may be denied when there has been "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Judge Pesto previously granted Plaintiff leave to amend and Plaintiff filed an Amended Complaint, which is currently before the Court. (ECF Nos. 6, 11). The Court observes that further leave to amend as to these Defendants would be futile as the gravamen of Plaintiff's allegations cannot constitute any cognizable Eighth Amendment claim. Consequently, Plaintiff's Amended Complaint is dismissed with prejudice as to Dr. Smucker, Director Hyde, and Superintendent Tice. As Judge Pesto explained, when Plaintiff provides a service copy of his Complaint, Amended Complaint, and instructions for service on defendant Nurse Stewart, the Clerk shall forward them to the Marshal for service on Nurse Stewart, costs of service to be advanced by the United States.

An appropriate Order follows.

## ORDER

AND NOW, this 5th day of January, 2026, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 50) is adopted as the Court's opinion;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (ECF No. 11) is hereby DISMISSED WITH PREJUDICE as to Defendants Dr. Smucker, Superintendent Tice, and Director Hyde; and

IT IS FURTHER ORDERED that once Plaintiff provides a service copy of his Complaint (ECF No. 4), Amended Complaint (ECF No. 11), and instructions for service on defendant Nurse Stewart, the Clerk shall forward them to the Marshal for service on Nurse Stewart, costs of service to be advanced by the United States.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Paul C. Younkin, III
LM8784
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652
Pro se