IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL YOUNKIN,                                          :
              Plaintiff                        :
       v.                                               : Case No. 3:21-cv-76-SLH-KAP
SUPERINTENDENT ERIC TICE, *et al.*,    :
              Defendants                   :

Memorandum Order

In April 2021 plaintiff Younkin, then an inmate at S.C.I. Somerset, filed a 12-page handwritten *pro se* complaint dated March 15, 2021, alleging that a defendant nurse Kelly falsely reported, out of malice toward Younkin for an incident involving Kelly's boyfriend, that Younkin was not taking his psychotropic medication. This led a doctor to stop Younkin's prescriptions on October 8, 2020, which Younkin alleges caused aches and pain "which drove Plaintiff to attempt suicide on 10/18/20." Complaint ¶21. Younkin alleged that this attempt consisted of him tying a sheet around his neck, which allegedly caused "broke vocal cords" so that he could not speak for several days. *Id.,* ¶12.

Upon screening of the complaint and subsequently the amended complaint as required by the Prison Litigation Reform Act, *see* 28 U.S.C.§ 1915A, I recommended that the claim against Kelly proceed, *see* Estelle v. Gamble, 429 U.S. 97, 104–105 (1976), but that the claim against the doctor who stopped the prescription (defendant Smucker) and the tag-along claims against the warden (defendant Tice) and medical administrator (defendant Hyde) in their official capacities for failing to intervene in his medical care should be dismissed. ECF no. 50. Younkin objected only to the dismissal of Smucker as a defendant. ECF no. 52. The court has accepted my recommendation. ECF no. 89. Defendant Kelly has already filed an answer, *see* ECF no. 44, so the portion of the Court's order directing service on her is superfluous and can be disregarded.

Younkin has already declared that he has no expert witness and contends none is necessary. ECF no. 16. But since he contends that Kelly's actions caused him injury he must prove by competent evidence that a jury properly instructed in the law could find the stopping of his prescription to be the cause of his injuries. In almost any medical matter where causation is more complicated than trauma immediately causing broken bones or damages to organs and tissue, expert evidence is necessary. An Estelle v. Gamble claim usually focuses on the existence or not of evidence of a breach of care, but as this case illustrates sometimes the dispositive issue is finding competent evidence that the alleged breach caused the alleged injury.

Second, according to the exhibits Younkin attached to the complaint Younkin grieved the stopping of his prescription in a grievance (#893289) filed the very evening

1

of the stoppage on October 8, 2020. That grievance, which did not mention Kelly and which said nothing about a malicious intent behind the stoppage, obviously preceded Younkin's alleged injuries by approximately two weeks. It is not clear that any grievance was filed about Kelly's malicious report causing the alleged suicide attempt that is the basis for this suit or whether Younkin even brought any alleged injury to the attention of anyone before filing a complaint in federal court. The PLRA requires the exhaustion of a claim before filing suit, and filing an inadequate or irrelevant grievance may be inadequate to exhaust a claim.

Under Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), a court has the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties).

Accordingly, I direct the parties to submit or point to the existence of all evidence they contend shows: 1) whether in light of Younkin's disavowal of expert testimony Younkin can produce any competent evidence that he suffered any injury ("broke vocal cords" in a suicide attempt on October 18, 2020) and that Kelly's alleged actions could plausibly be found to have caused the suicide attempt alleged by Younkin; and 2) whether Younkin exhausted his administrative remedies as to any claim against Kelly before filing his complaint. The parties' responses, including any motion for relevant discovery under Fed.R.Civ.P. 56(d), are due February 9, 2026.

DATE:  January 6, 2026

_____
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

Paul Younkin LM-8784
S.C.I. Smithfield
1120 Pike Street
Huntingdon, PA 16652