IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL YOUNKIN, :
    Plaintiff :
  v. : Case No. 3:21-cv-76-SLH-KAP
SUPERINTENDENT ERIC TICE, *et al.*, :
    Defendants :

<u>Memorandum Order</u>

    Plaintiff Younkin's motion to compel discovery at ECF no. 92 is denied.

    In April 2021 Younkin filed a 12-page handwritten *pro se* complaint dated March 15, 2021 in which Younkin alleged that due to the false report of a nurse (defendant Kelly) that Younkin was not taking his medication a doctor (defendant Smucker) stopped his psychotropic medication on October 8, 2020. Younkin alleges that this caused him to suffer aches and pain "which drove Plaintiff to attempt suicide on 10/18/20," Complaint ¶21. Attached to that complaint was a partial grievance history for Grievance No. 893289, which grievance Younkin filed on October 8, 2020, and which ended with a final decision on February 22, 2021.

    Younkin sued Kelly and Smucker in their individual and official capacities for denying him medical care, as well as the warden (Tice) and medical administrator (Hyde) in their official capacities for failing to intervene in his medical care. After I screened the complaint and amended complaint and the Court ruled on Younkin's objections, what was left was an <u>Estelle v. Gamble</u> claim that Kelly caused the denial of health care to Younkin for nonmedical reasons. Specifically, Younkin alleged that Kelly falsely told Smucker that Younkin was noncompliant with his medication to retaliate against Younkin for a grievance against a corrections officer whom Younkin considered Kelly's boyfriend.

    Kelly asserts the affirmative defense of failure to exhaust administrative remedies. Because Grievance No. 893289 does not mention Kelly, says nothing about a malicious intent behind the stoppage, and preceded Younkin's alleged injuries by approximately two weeks, I issued an order under Fed.R.Civ.P. 56(f)(3) and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986) for the parties to come forward with all evidence relevant to exhaustion. I also ordered production of any evidence relevant to Younkin's ability to prove, after disclaiming any need for an expert, that any alleged injury to him was caused by the stoppage of any medication on October 8, 2020.

    In response Younkin filed the motion to compel at ECF no. 92, also asking to extend the time to respond to my order. The motion to compel refers to Younkin's request for production of documents from May 2022, attached as an exhibit to ECF no. 63, and

asserts that defendants never responded to that request. That request for production was pending while the Court considered which parties should be in the case, so the reason it has not been responded to yet is clear. As relevant to my Celotex order, the request for production in ¶1 asks for Younkin's "complete prison record," a request so vague and overbroad it is not clear how Kelly could answer it, and in ¶¶ 2-8 asks for material that does not pertain to Younkin's grievance history, but arguably could be relevant to the causation of Younkin's alleged injury.

The chief question I have directed the parties to answer is whether this matter presents any genuine issue of fact whether Younkin exhausted his administrative remedies. Younkin clearly did not identify Kelly or alert anyone to the assertion in his complaint that Kelly's animus drove the improper stoppage of his medication in Grievance No. 893289. Because Grievance No. 893289 preceded Younkin's alleged injuries by approximately two weeks, it cannot possibly have exhausted Younkin's administrative remedies.

Therefore, either Younkin filed another grievance that did exhaust his claim against Kelly or continuing this litigation is a waste of judicial resources. To decide which is the case is the point of my Celotex order. To streamline this matter to its simplest, the parties shall adhere to my February 9, 2026 deadline, addressing only the question of exhaustion of remedies. The parties need not address at this time whether there is any evidence to show that there is a genuine issue of fact as to the causation of any injury.

DATE: January 29, 2026

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

Paul Younkin LM-8784
S.C.I. Smithfield
1120 Pike Street
Huntingdon, PA 16652